1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT DAVIS,** | ) | **CASE NO. 1:26 CV 887** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CITY OF CLEVELAND, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Robert Davis filed this action against the City of Cleveland, Norfolk Southern Railroad, Officer James Kirk, Supervisor John Anthony, Officer Joseph Hergenroder, Attorney Ralph DeFranco, and Metro Health Hospital. The hand-written Complaint is very difficult to understand. and at times illegible. It appears to attack a 2014 state court conviction. He states that he was falsely imprisoned. He claims Officer Kirk failed to file an excessive force report, and Metro Health Hospital discharged him on August 28, 2014 without a discharge summary. He states that attorney DeFranco failed to protect his constitutional rights. He contends an Ohio Department of Rehabilitation and Correction dentist, who is not named as a Defendant, extracted his teeth. Under "Statement of Claims," he wrote "State Law Claims" but does not specify what any of those claims may be. He asks this Court to enter judgment "as

---

[1] The docket also lists the Cuyahoga County Sheriff and the Ohio Adult Parole Authority as Defendants. Plaintiff mentions the "County Sheriff" in his Complaint but does not actually list a sheriff as a Defendant. The Court can find no mention of the Ohio Adult Parole Authority in the Complaint.

required by law and civil rights and Judge [illegible] under constitution libel." (Doc. No. 1 at PageID #: 10).

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 5). That Application is granted.

### Factual and Procedural Background

Plaintiff's Complaint is a random assertion of claims with no context or chronology. He begins with Claim #2. He does not identify Claim #1. In Claim #2, he simply states "Metro hospital discharged plaintiff on 8-28-2014 without a discharge summary report. Violation of plaintiff's medical rights." (Doc. No. 1 at PageID #: 5). In Claim #3, he states "Attorney Ralph DeFranco fail [sic] to protect my constitutional rights on 11-16-2016 in Common Pleas Court." (Doc. No. 1 at PageID #: 5). On the following page, he adds "Fails to protect my constitutional right to jury trial [illegible] to face accuser case # CR888 on 11-16-2016 in Common Pleas Court ineffective assistance of counsel." (Doc. No. 1 at PageID #: 6). He then states, "ODRC dentist extracted my teeth unlawfully Belmont Corr. molars on top." (Doc. No. 1 at PageID #:6). In Claim #4, he states "County Sheriff unlawfully signed admission record and unlawfully confined plaintiff without cause in a [mental institution]." (Doc. No. 1 at PageID #: 5). In Claim #5 he states, "Officer James Kirk fail to persent [sic] report it excessive force unlawfully policy against civil rights or report." (Doc. No. 1 at PageID #: 6).

The following page of the Complaint contains a narrative. Plaintiff states that on August 27, 2014 at 2:43 p.m. Officer Kirk, an employee of Norfolk Southern Railroad, "fell off the bridge 33 [illegible] by himself it was an accidental accident was accidental EMS was dispatched for one person not 2." (Doc. No. 1 at PageID #: 7). He indicates that the Cleveland

-2-

Plain Dealer and USA Today incorrectly reported that a suspect and officer fell off of a bridge. He states he was walking down a path when someone came running. He claims he saw two officers, one of which was Officer Kirk who was bleeding from the left side of his head. He states that Officer Hergenroder "attempt[ed] to move and hit plaintiff. Plaintiff sustained fatal head injury." (Doc. No. 1 at PageID #: 7). He then states "I was sent too [sic] prison... ." (Doc. No. 1 at PageID #: 7).

Plaintiff indicated on his Complaint that this case is a refiling of "Northern District CV2174." (Doc. No. 1 at PageID #:1). The Court takes notice of its own docket. Plaintiff filed an action over nine years ago, on August 29, 2016 against the City of Cleveland, three Cleveland Police Officers, and Norfolk Southern Railroad Police Officers James Kirk and Joseph Hergenroder. *See Davis v. Kirk*, No. 1:16 CV 2174 (N.D. Ohio Sep. 18, 2019)(Doc. No. 71). The Defendants in that case reported that Officers Kirk and Hergenroder caught Plaintiff in the act of taking items off of a Norfolk Southern train on August 27, 2014. Officer Kirk chased him and the two engaged with each other on a bridge over Harvard Road. Plaintiff pushed Officer Kirk and both of them went over the side of the bridge, falling ten to fifteen feet to the concrete ground below. Miraculously, both of them survived but both suffered serious head trauma and other injuries. Plaintiff presented a different version of facts similar to those he states in this Complaint. He denies engaging with Office Kirk and denies falling from the bridge. Plaintiff was convicted in state court of felonious assault of a police officer and breaking and entering.

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to

-3-

dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

**Discussion**

As an initial matter, Plaintiff's Complaint fails to meet the minimum pleading requirements of Federal Civil Procedure Rule 8. Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief. To meet

-4-

these minimum notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This Complaint does not contain any suggestion of the legal claims Plaintiff intended to assert, and provides very few facts to support those claims. Without either of these crucial elements, Plaintiff fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678. This case must be dismissed on that basis alone.

Furthermore, to the extent that Plaintiff is attempting to relitigate *Davis v. Kirk*, No. 1:16 CV 2174, or raise issues which could and should have been raised in that case, the doctrine of *res judicata* bars him from bringing this action. The term "*res judicata*" literally means "a matter [already] judged. The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The events of August 27, 2014 which led to Plaintiff's arrest and conviction were the subject of the civil action Plaintiff filed in this court in 2016. That case was fully litigated. Plaintiff cannot bring a new action against the same Defendants based on the same events.

**Conclusion**

Accordingly,  Application to Proceed *In Forma Pauperis* (Doc. No. 5) is granted.  This action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: May 19, 2026

---

[2]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-6-